THAPAR, Circuit Judge, concurring.
Rape is always violent. Whether a rapist coerces a victim, tricks them, or drugs them, the act of "unlawful sexual penetration" involves violent force. And then there is this case, where Carlos Lowe dragged his victim across a car seat and raped her. No one questions that his act was unlawful, forceful, and violent.
Yet, in the categorical-approach world, we cannot call rape what it is. Instead of analyzing the facts underlying Lowe's crime to determine if it was violent, we must engage in a hypothetical exercise to determine whether the crime's elements could be committed in a non-violent fashion. So, although rape is always violent as a matter of fact, the majority correctly applies our precedent to conclude that Lowe's rape was not violent as a matter of law. But this case demonstrates, once again, that it is time for Congress to revisit the categorical approach so we do not have to live in a fictional world where we call a violent rape non-violent. See United States v. Burris , 912 F.3d 386, 407-10 (6th Cir. 2019) (en banc) (Thapar, J., concurring); Ovalles v. United States , 905 F.3d 1231, 1257-62 (11th Cir. 2018) (en banc) (W. Pryor, J., concurring) (suggesting that Congress adopt a fact-based approach for the Armed Career Criminal Act); see also U.S. Sentencing Comm'n, Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65408 (proposed Dec. 20, 2018) (similar proposal for sentencing guidelines). Since Congress has not yet eliminated the categorical approach, I regrettably concur.